J. A30015/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DOMINIQUE WILLIAM GREEN, | : | No. 1024 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 20, 2016,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0013385-2015

BEFORE:  BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

DISSENTING MEMORANDUM BY FORD ELLIOTT, P.J.E.:
                                        **FILED APRIL 23, 2018**

I respectfully dissent.  At the outset, I believe reliance on **Gibson** is misplaced.  In **Gibson**, this court held that mere possession of a forged check made payable to "cash" was insufficient to establish that defendant forged the check or knew that the check was forged.  **See id.** at 545.  The case before us, however, does not involve mere possession of a forged check made payable to "cash."  Here, the check was made payable to appellant (and included appellant's address); the check appeared to be drawn from St. Moritz's commercial account; the check was purportedly a payroll check; appellant never worked for St. Moritz and had no relationship with the company; St. Moritz did not owe appellant any money; appellant told police that there was no reason why he would have been given a check by St. Moritz;

appellant told police that with regard to the St. Moritz check that he cashed, "he only did it once." (Notes of testimony, 6/20/16 at 27, 29-31.) Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, it was sufficient to prove that appellant knew the check was forged. *See Gause*, 164 A.3d at 640.

The trial court, sitting as fact-finder, determined that the "evidence clearly established that [appellant] knew the check [was not] legitimate and that he uttered a forged check purporting to appear as though it was authorized by St. Moritz when it was not." (Trial court opinion, 6/23/17 at 4.) The Majority then finds that the Commonwealth failed to prove that appellant knew that the check was forged because appellant had no familiarity with a legitimate St. Moritz check draft; there was no evidence that appellant forged the check; there was no proof that appellant had a connection to any of the other people who cashed similar checks; and possession of a check to which one is not entitled does not prove that that person forged the check. (Majority memorandum at *9-10.) In so doing, I believe the Majority is reweighing the evidence and substituting its judgment for that of the fact-finder. *See Gause*, 164 A.3d at 541 (reiterating that when reviewing the sufficiency of the evidence to sustain a conviction, this court "may not weigh the evidence and substitute [its] judgment for that of the fact-finder").

Finally, the Majority concludes that it is "not reasonable to infer from [a]ppellant's possession of a check to which he was not entitled that he forged

the check or made it payable to himself, which is what the factfinder concluded." (Majority memorandum at *10.) The trial court, sitting as fact-finder, however, did not conclude that appellant forged the check or made it payable to himself. The trial court concluded that the evidence was sufficient to establish that appellant "knew the check [was not] legitimate and that he uttered a forged check purporting to appear as though it was authorized by St. Moritz when it was not" to sustain his conviction under 18 Pa.C.S.A. § 4101(1)(3). (Trial court opinion, 6/23/17 at 4.)

For these reasons, I respectfully dissent.